IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHEN HISER AND DANA ACE, Individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:18-cv-1056 |
| NZONE GUIDANCE, LLC, | § § | |
| Defendant. | § § | |

## DEFENDANT'S EXPEDITED MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM FOR RELIEF PURSUANT TO 12(b)(6)

Carolyn A. Russell
State Bar No. 24003913
carolyn.russell@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center, Suite 3000
500 Dallas Street
Houston, Texas 77002
713.655.5771
713.655.0020 (Fax)

Raven R. Applebaum
State Bar No. 24043644
raven.applebaum@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, TX 78205
210.354.1300
210.277.2702 (Fax)

**ATTORNEYS FOR DEFENDANT
NZONE GUIDANCE, LLC**

**DEFENDANT'S EXPEDITED MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM FOR RELIEF PURSUANT TO 12(b)(6)**

On February 28, 2019, the United States Court of Appeals for the Fifth Circuit issued an seminal decision involving whether contract workers in the oil field, just like the Plaintiffs in this case, were entitled to overtime. In *William Parrish, et al. v. Premier Directional Drilling*, *L.P.*, a case originating out of the Western District of Texas and a case with which Plaintiffs' counsel is unquestionably familiar, the Fifth Circuit concluded that the oil field workers in *Parrish* were independent contractors and accordingly <u>reversed</u> and <u>rendered</u> judgment in favor of Premier Directional Drilling, L.P.[1] The same conclusion is warranted here given the binding precedent of *Parrish*. Accordingly, Plaintiffs' claims should be dismissed with prejudice under FED. R. CIV. P. 12(b)(6) for the reasons below.

### I.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiff Steven Hiser filed his Original Complaint on December 7, 2018, asserting he was misclassified as an independent contractor and consequently owed unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"). Hiser filed suit against NZone on behalf of himself and a putative class of MWD Operators.[2] On January 29, 2019, Hiser filed an Unopposed Motion for Leave to file an Amended Complaint to add an additional named plaintiff as well as an additional proposed putative class.[3] The Court granted the motion on January 30, 2019,[4] and Plaintiffs' First

---

[1] *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 375 (5th Cir. 2019). The deadline to file for reconsideration or *en banc* hearing was Thursday, March 14, 2019. The mandate from the Fifth Circuit issued from the trial court on March 22, 2019. Costs were taxed against Parrish.
[2] *See* Docket No. 1.
[3] *See* Docket No.4.
[4] Text-only entry generated by the Court entered on January 30, 2019.

Amended Complaint adding plaintiff Dana Ace ("Ace") and an additional proposed putative class of Directional Drillers was deemed filed that same day.[5]

Plaintiffs' Motion for Conditional Certification is pending with Defendant's response due on April 9, 2019. Relevant to the instant Motion, this Court denied Defendant's Motion to Dismiss and Compel Arbitration on April 2, 2019.[6]

Given the procedural posture of this case with the motion for conditional certification pending, and the possibility of an appeal to the Fifth Circuit regarding the order denying arbitration, NZone respectfully requests this expedited consideration of this motion to effectuate judicial economy.

## II. STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

### A. ISSUES.

1. Have Plaintiffs stated a valid claim for relief under FED. R. CIV. P. 12(b)(6)?

### B. STANDARD OF REVIEW – RULE 12(B)(6).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts to support a claim that is plausible on its face.[7] A claim has facial plausibility when a plaintiff pleads specific facts that, if true, would allow the court to draw the reasonable inference that the defendant is liable to the plaintiff.[8] A pleading that offers mere labels, legal conclusions, or formulaic recitation of the elements of a cause of action is not sufficient.[9] Nor will a complaint suffice if it tenders "naked assertion[s] devoid of further factual enhancement."[10] Although courts

---

[5] *See* Docket No. 11.
[6] *See* Docket Nos. 36 and 37. NZone intends to appeal this decision. IT is NZone's position that Plaintiffs' claims are subject to a binding arbitration agreement.
[7] *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[8] *Id.*
[9] *Id.*
[10] *Id.*

interpret specific factual allegations in the light most favorable to the plaintiff, courts do not assume the truth of "conclusory" legal assertions in the complaint, or allegations that are "so threadbare or speculative that they fail to cross the line between the conclusory and the factual."[11]

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.[12] The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.[13]

### III.    LEGAL ARGUMENT

#### A. STARE DECISES MANDATES DISMISSAL OF PLAINTIFFS' CLAIMS WITH PREJUDICE PURSUANT TO RULE 12(B)(6).

*1. Legal Analysis*

During the course of this litigation, the Fifth Circuit issued an opinion analyzing factual and legal issues *identical* to those presented in Plaintiffs' lawsuit and conclusively held that oil field consultants similar to Plaintiffs were independent contractors. Plaintiffs in this case filed a near identical pleading to the one filed in Parrish, which is not surprising given the fact that Plaintiffs' counsel also represented the plaintiffs in Parrish. The factual and legal issues in Parrish are the same as those presented here, such that the Parrish decision warrants dismissal of Plaintiffs' case with prejudice in accordance with the principle of stare decisis.

"[W]hen a future case presents the same facts as a past case decided by a higher court . . . stare decisis requires that we decide those cases in a similar manner."[14] Stare decisis "promotes even handed, predictable, and consistent development of legal principles, fosters reliance on

---

[11] *Id.* at 442 (citing *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011)).
[12] *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).
[13] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).
[14] *Drive Financial Servs., L.P. v. Jordan*, 521 F.3d 343, 349-50 (5th Cir. 2008).

4

judicial decisions, and contributes to the actual and perceived integrity of the judicial process."[15] Federal courts "will not depart from the doctrine of stare decisis without some compelling justification."[16] As recently as last year, the Supreme Court reiterated that, "The law of precedent teaches that like cases should generally be treated alike."[17] Since this Court is bound by the *Parrish* holding, it accordingly must dismiss this case for failure to state a legally cognizable claim.

### 2. Per the Parrish Case, Plaintiffs Are Independent Contractors and Have No Valid Claim Under The FLSA.

#### a. The *Parrish* Decision

In May 2016, Mr. Parrish – *represented by the same counsel who now represents Hiser and Ace* – sued Premier, a directional drilling company alleging violations of the FLSA.[18] The basis of Mr. Parrish's claim was that he and other Directional Drillers ("DDs") consultants were misclassified as independent contractors and were owed overtime.[19] Premier contracted with staffing agencies to provide consultants to provide services such as directional drilling.[20] The staffing agencies entered into contracts with the individual consultants.[21] Premier paid the staffing agencies, who would in turn paid the business entities set up by the individual consultants.[22] The staffing agencies paid the consultants a day rate based on a 12-hour shift and mileage reimbursement.[23]

---

[15] *Hohn v. United States*, 524 U.S. 236, 251 (1998).
[16] *Hilton v. South Carolina Public Railways Com'n,* 502 U.S. 197, 202, 112 S.Ct. 560, 564 (1991).
[17] *Epic Sys. Corp. v. Lewis,* 138 S. Ct. 1612, 1623 (2018).
[18] *Premier*, 917 F.3d 375.
[19] *Id*.
[20] *Id*.
[21] *Id*.
[22] *Id*.
[23] *Id.* at 376.

On November 27, 2017, upon cross-motions for summary judgement, the district court ruled in favor of the contractors, finding they were employees entitled to overtime. [24] Premier appealed to the Fifth Circuit.

On appeal, the Fifth Circuit reviewed the trial court's decision *de novo* and concluded the allegations and facts did not establish an employer/employee relationship. It <u>*reversed*</u> and <u>*rendered*</u> judgment in favor of Premier. In coming to its conclusion, the Fifth Circuit analyzed the five-factor economic realities test to determine whether the individuals were employees. The non-exhaustive factors considered by the court were: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship."[25] Largely disagreeing with the district court's analysis of the factors, the Fifth Circuit determined that Mr. Parrish and others were correctly classified as non-employee contractors.

Specifically, the Fifth Circuit found consideration of the first factor favored independent contractor status since Premier: (1) did not dictate how the workers completed directional-drilling calculations; (2) the workers worked an assigned shift, but the workers could turn down projects; (3) safety training and drug testing required by Premier were necessities of its oil drilling operations; (4) the non-disclosure agreement signed by the workers did not require exclusive employment; (5) and although the workers were provided an already-designed well plan, the workers were the ones who made that plan work.[26]

---

[24] *See Parrish v. Premier Directional Drilling, L.P.*, 280 F. Supp. 3d 954 (W.D. Tex. 2017)(J. David Ezra).
[25] *See, e.g., Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008).
[26] *Premier*, 917 F.3d at 381-382.

Turning towards the second factor, which is the extent of the relative investments of the worker and the alleged employer, the Fifth Circuit found that even the obvious difference in the relative investments in tools and equipment was not enough to turn the analysis towards an employer/employee relationship.[27] In fact, Fifth Circuit found this factor had "little weight" in the light of the nature of the industry and the work involved.[28]

Next, the Fifth Circuit evaluated the third factor and determined that it also favored independent contractor status.[29] Premier's independent contractors were "reimbursed mileage to and from the job" and received a daily rate for pay.[30] Additionally, the independent contractors did not receive any pay from Premier when they were not working on one of its projects.[31] Finally, the plaintiffs could make decisions about their expenses and tax deductions.[32]

Regarding the fourth factor, the Fifth Circuit agreed with the district court's assessment that the plaintiffs "are highly skilled individuals who performed their directional drilling tasks using their own discretion".[33] Unlike the trial court, the Fifth Circuit ultimately found this factor favored independent contractor status, stating, "Plaintiffs' high-skill level, understood in the light of their complicated work, weighs heavily in favor of IC status."[34]

Finally, regarding the fifth factor, the Fifth Circuit held that directional drilling work is "project by project," which weighed in favor of a lack of permanency of the relationship.[35] The

---

[27] *Id*. at 382-833.
[28] *Id*.
[29] *Id.* at 384-385.
[30] *Id.* at 384.
[31] *Id*.
[32] *Id.* at 384-385.
[33] *Id*. at 386.
[34] *Id*.
[35] *Id*. at 386-387.

Fifth Circuit found that was particularly true in a transitory economy where the up-and-down nature of the oil business showed that DDs are not guaranteed future work.[36]

### b. The Facts Of This Case Mirror Those In *Parrish*, Such That The Same Conclusion of Independent Contractor Status Is Mandated.

Plaintiffs' lawsuit should be dismissed with prejudice because the facts in this case are completely aligned with those presented in *Parrish*, such that the only conclusion to be drawn is that Plaintiffs were independent contractors and have no cognizable claim under the FLSA. Importantly, the economic realities of the business relationship between Plaintiffs and NZone – as plead by Plaintiffs in their most recently filed Complaint – are identical to those involved in the *Parrish* case: Specifically, Plaintiffs allege they were: (1) MWDs and DDs; (2) who were misclassified as independent contractors; (3) staffed through third-parties;[37] (4) paid a day rate (for a 12-hour shift); (5) provided equipment and resources necessary perform their job; (6) had their schedules and rate of pay determined by the alleged employer; (7) were supervised by employees of the alleged employer; and (8) required little to no training to perform their job.

The list of similarities between the allegations in Plaintiffs' First Amended Complaint and those advanced in the *Parrish* complaint are best depicted in the following comparative table:

| ¶ Complt. | HISER | ¶ Complt.[38] | PREMIER |
|---|---|---|---|
| **Description of Defendant** | | | |
| 32 | NZone is an oil and gas service company providing directional drilling and MWD services to oil and gas exploration companies. | 11 | Premier is a directional drilling company that claims to have operations in oil and gas formations. |

---

[36] *Id*.
[37] Instead of third-party labor platforms where individuals are able to bid on work, like RigUp, Premier had contracts with staffing agencies. As in *Parrish*, Plaintiffs entered into contracts with the third-party labor platforms. *See* Defendant's Motion to Dismiss and Compel Arbitration. (Dkt. No. 15). NZone, like Premier, paid the third-party labor platforms, and third-party labor platforms then paid the business entities set up by the individuals.
[38] See *William PARRISH, individually and on behalf of all others similarly situated, Plaintiffs, v. Premier Directional Drilling, L.P., Defendant*, 5:16-cv-00417-DAE, Dkt. No. 1.

| **Basis of FLSA Claim** | | | |
|---|---|---|---|
| 2, 6 | During the relevant period, NZone utilized the services of MWD Operators, like Hiser, and Directional Drillers, like Ace, to work on its behalf.<br><br>Instead of paying overtime as required by the FLSA, NZone improperly classified these workers as independent contractors and paid them a daily rate with no overtime compensation in violation of the FLSA. | 1 | Instead of paying Plaintiff overtime, Defendant paid Plaintiff and all of the similarly situated Directional Drillers Consultants ("DDs") and Measurement While Drilling Consultants ("MWDs") a day rate and misclassified them as independent contractors, instead of employees. |
| **Proposed Class** | | | |
| 20, 22 | All MWD Operators that worked for NZone while classified as independent contractors and paid a day-rate during the last 3 years. ("MWD Class").<br><br>All Directional Drillers that worked for NZone while classified as independent contractors and paid a day-rate during the last 3 years. ("DD Class"). | 5 | All individuals who worked for Premier Directional Drilling, L.P. over the past three years as DDs or MWDs, who were paid a day rate without overtime compensation and were classified as independent contractors. |
| ***Control Factors Alleged By Plaintiffs [39]** | | | |
| 71 | Indeed, the daily and weekly activities of the MWD Operators and Directional Drillers were routine and largely governed by standardized plans, procedures, and checklists created by NZone. | 14 | The Putative Class Members activities are routine and largely governed by standardized plans and checklists created by Defendant and their clients. |
| 55 | Even though Hiser and Ace often worked away from NZone's offices without the presence of a direct supervisor employed by NZone, NZone still controlled significant aspects of their job activities by enforcing mandatory compliance with its policies and procedures. | 18 | Premier required Plaintiff and the Putative Class Members' strict compliance with Premier's policies and procedures. |

---

[39] The topic designations that include an asterisk are taken from the motion from summary judgement filed by Parrish at the trial court level, which was overturned on appeal.

| 74 | Hiser and Ace performed routine job duties that were largely dictated by NZone. | 17 | Plaintiff and the Putative Class Members worked at the direction of Premier and Premier's operator clients. |
|---|---|---|---|
| 72 | Virtually every job function was pre-determined by NZone, including the tools and equipment to use at a job site, the data to compile, the schedule of work, and related work duties. | 14 | Every element of the Putative Class Members' job was predetermined for them by Defendant and their clients, including the tools to use at a job site, the data to compile, and schedule of work and related work duties. |
| **\*Special Skills** | | | |
| 70 | Very little skill, training, or initiative was required of Hiser or Ace to perform their job duties. | 15 | The job functions of the Putative Class Members are primarily blue collar, technical and manual labor in nature, requiring little to no official training. Likewise, college education is not required to perform these job functions. |
| 50 | Hiser and Ace were not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties. | 23 | Plaintiff and the Putative Class Members do not possess any unique skill sets that cannot be learned through on the job training. |
| **\*Profit and Loss** | | | |
| 67 | NZone set Hiser and Ace's rates of pay. | 19 | Premier set the rates of pay of Plaintiff and the Putative Class Members. |
| 67 | NZone set Hiser and Ace's work schedule. | 18 | Premier controlled the work schedules of Plaintiff and the Putative Class Members. |
| **\*Investments** | | | |
| 62 | Hiser and Ace did not provide the significant equipment they worked with on a daily basis. | 22 | Premier did not require Plaintiff or the Putative Class Members to provide the equipment essential to the correct performance of the MWD or DD job. |

As the foregoing illustrates, there is no substantive difference between the factual and legal issues involved in this case and those involved in *Parrish*. Simply stated, the *Parrish* case warrants dismissal of this case with prejudice for the failure to state a cognizable claim for relief.

## IV.   CONCLUSION

Because Plaintiffs fail to state a claim for relief, NZone respectfully requests that this Court dismiss Plaintiffs' claims with prejudice under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

/s/ *Raven R. Applebaum*
Carolyn A. Russell
State Bar No. 24003913
carolyn.russell@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center, Suite 3000
500 Dallas Street
Houston, Texas 77002
713.655.5771
713.655.0020 (Fax)

Raven R. Applebaum
State Bar No. 24043644
raven.applebaum@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, TX 78205
210.354.1300
210.277.2702 (Fax)

**ATTORNEYS FOR DEFENDANT**
**NZONE GUIDANCE, LLC**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 5th day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael A. Josephson
Lindsay R. Itkin
Josephson Dunlap, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.com
litkin@mybackwages.com

              /s/ *Raven R. Applebaum*
              Raven R. Applebaum