IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHEN HISER and DANA ACE, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | 1:18-CV-1056-RP |
| v. | § § | |
| NZONE GUIDANCE, LLC, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant NZone Guidance, LLC's ("NZone") Motion to Dismiss. (Dkt. 39). Having considered the parties' submissions, the record, and the applicable law, the Court will deny the motion.

## I. BACKGROUND

This is a case concerning whether Plaintiffs Stephen Hiser and Dana Ace (collectively, "Plaintiffs"), were improperly denied overtime compensation under the FLSA. NZone is an oil and gas services company that provides services such as directional drilling and Measurement While Drilling ("MWD") to oil and gas exploration companies. In doing so, NZone hires MWD Operators and Directional Drillers through third-party entities. (Am. Compl., Dkt. 11, ¶¶ 2–3). Plaintiffs allege that NZone improperly classified them as independent contractors, rather than employees, and paid them a day-rate with no overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"). (Am. Compl., Dkt. 11, ¶¶ 80, 87–90). Plaintiffs bring this action on behalf of themselves and all other similarly situated MWD Operators and Directional Drillers who worked for, or on behalf of, NZone; were classified as independent contractors; and were paid a day-rate with no overtime compensation. (*Id.* ¶¶ 18, 91–109). Plaintiffs moved to conditionally certify two

1

classes of Plaintiffs who were deprived of overtime compensation while working for NZone. (*See* Mot. Certify Class, Dkt. 14, at 6).

On February 13, 2019, NZone filed an answer. (Answer, Dkt. 13). One week later, NZone moved to dismiss Plaintiffs' FLSA claims and compel arbitration pursuant to NZone's agreement with a third-party staffing entity. (Mot. Compel Arbitration, Dkt. 15). On April 2, 2019, the Court denied NZone's motion to compel arbitration. (Sealed Order, Dkt. 36). Three days later, and nearly two months after NZone first responded to Plaintiffs' complaint, NZone moved to dismiss Plaintiffs' complaint for failure to state a claim. (Mot. Dismiss, Dkt. 39). In its motion, NZone argues that recent Fifth Circuit precedent decided on February 28, 2019, compels dismissal of Plaintiffs' FLSA claims. (*See id.* at 2).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The

2

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). The court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations outside the complaint. *Id.*

### III. DISCUSSION

The FLSA requires employers provide overtime pay for its employees "for a workweek longer than forty hours." 29 U.S.C. § 207(a)(1). "If an employer violates the overtime-compensation requirement, it is 'liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages'." *Parrish v. Premier Directional Drilling, L.P.,* 917 F.3d 369, 379 (5th Cir. 2019) (quoting 29 U.S.C. § 216(b)). In order to establish an overtime-compensation claim under the FLSA, plaintiffs must establish four elements: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Id.* (quoting *Johnson v. Heckmann Water Res. (CVR), Inc.,* 758 F.3d 627, 630 (5th Cir. 2014)).

NZone only contests the first element: the existence of an employer-employee relationship. (Mot. Dismiss, Dkt. 39, at 5, 8 (*citing Parrish*, 917 F.3d at 379)). Whether a worker is an employee under the FLSA is a question of law. *Parrish*, 917 F.3d at 377 (citing *Brock v. Mr. W Fireworks*, 814 F.2d 1042, 1045 (5th Cir. 1987)). "Given the remedial purposes of the [FLSA], an expansive definition of 'employee' has been adopted by the courts." *Id.* (quoting *Usery v. Pilgrim Equip. Co., Inc.,*

3

527 F.3d 1308, 1311 (5th Cir. 1976)). In order to determine whether an employer-employee relationship exists, courts must determine "whether the alleged employees, as a matter of 'economic reality,' are 'economically dependent' on the business to which they supply their labor and services'." *Id.* at 379 (quoting *Brock*, 814 F.2d at 1043). This inquiry "can be 'very fact dependent', with 'facts pointing in both directions.'" *Id.* (quoting *Carrell v. Sunland Constr., Inc.*, 998 F.2d 330, 334 (5th Cir. 1993)). In FLSA actions, the Fifth Circuit relies on five, non-exhaustive factors provided in *United States v. Silk*, 331 U.S. 704 (1947), to guide this inquiry: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Id.* (quoting *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008)).

The Fifth Circuit recently applied these factors in *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369 (5th Cir. 2019). The issue in *Parrish* involved a question of law: whether the district court correctly determined that plaintiffs were employees rather than independent contractors. *Id.* at 375. The defendant hired directional-driller consultants, but it classified some directional-driller consultants as employees and others as independent contractors. *Id.* The plaintiffs, a class of five directional-driller consultants who were employed on a project-by-project basis, alleged that they were improperly classified as independent contractors and thus owed overtime compensation under the FLSA. *Id.* at 377. Plaintiffs and defendant both moved for summary judgment, and the district court, in a "comprehensive and detailed opinion" concluded that Plaintiffs were employees. *Id.* On appeal, the Fifth Circuit disagreed. *Id.* The court analyzed each of the *Silk* factors and concluded that plaintiffs were properly classified as independent contractors. *Id.*

According to NZone, the facts and legal issues in *Parrish* are identical to those in this case. (Mot. Dismiss, Dkt. 39, at 4). NZone makes only one argument in its motion to dismiss: "Since this

4

Court is bound by the *Parrish* holding, it accordingly must dismiss this case for failure to state a legally cognizable claim." (*Id.* at 5, 8). *Parrish*, however, does not mandate this result, especially at this early stage of litigation.

First, *Parrish* did not alter the established framework for determining whether a plaintiff is an employee under the FLSA. Rather, *Parrish* was a fact-specific decision limited to the circumstances of that case—it simply applied the *Silk* factors to the facts presented by the summary judgment record. *See Parrish*, 917 F.3d at 375–77, 381–87. The court did not announce any categorical rule barring FLSA claims by specific plaintiffs as a matter of law. And the *Parrish* court cautioned about the limitations of its holding, noting that the economic realities factors "should not be applied mechanically," *id.* at 380 (quoting *Brock*, 814 F.2d at 1043), and that the economic realities test is "not always easy to perform" and "can be 'very fact dependent', with 'facts pointing in both directions'," *id.* at 379 (quoting *Carrell*, 998 F.2d at 334). Rather than require dismissal, *Parrish* serves as an example of the complex analysis that is sometimes required for FLSA overtime cases.

In fact, the court's approach in *Parrish* is consistent with how courts in the Fifth Circuit approach the economic realities test. Previously, the Fifth Circuit has recognized that "[the determination of whether an individual is an employee or independent contractor is highly dependent on the particular situation presented." *Thibault v. Bellsouth Telecomm.*, 612 F.3d 843, 848 (5th Cir. 2010) (citing *Carrell*, 998 F.2d at 334). After *Parrish*, courts have continued to analyze the economic realities factors on a case-by-case basis by applying the *Silk* factors. *See, e.g., Hobbs v. Petroplex Pipe & Consr., Inc.*, 360 F. Supp. 3d 571, 578–84 (W.D. Tex. Mar. 7, 2019) (applying the *Silk* factors after a bench trial and distinguishing *Parrish* to find that plaintiffs were employees); *Clay v. New Tech Global Ventures, LLC*, No. 16-296-JWD-CBW, 2019 WL 1528426, at *1 (W.D. La. Apr. 8, 2019) (noting that "*Parrish* did not change the landscape of Fifth Circuit law" and distinguishing the facts). In short, *Parrish* did not announce any change in FLSA law.

Most importantly, *Parrish* was decided at a later stage of litigation. *Parrish* involved cross-motions for summary judgment based on a thoroughly developed record after extensive discovery. By contrast, no discovery has occurred in this case. It is entirely possible that facts presented during discovery could result in facts that are distinguishable from *Parrish*, but it is simply too soon to tell. Additionally, a complaint need only include a "short and plain statement of the claims showing that the pleader is entitled to relief" under the FLSA. Fed. R. Civ. P. 8(a)(2). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier*, 503 F.3d at 401 (citing *Twombly*, 550 U.S. at 555). "[D]etailed factual allegations . . . are not required to meet Rule 8(a) in the specific context of FLSA overtime claims." *Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009); *see also Butler v. TFS Oilfield Servs., LLC*, 2017 WL 7052308, at *4 (W.D. Tex. May 17, 2017) (finding that plaintiffs' allegations that they worked over forty hours per week without overtime was sufficient to state an FLSA claim, despite a lack of "detailed factual allegations"); *Solis v. Time Warner Cable San Antonio, L.P.*, No. 10-CA-0231-XR, 2010 WL 2756800, at *2 (W.D. Tex. July 13, 2010) (same). At the motion to dismiss stage, Plaintiffs need only allege sufficient facts, taken as true, to plausibly state NZone's status as an "employer" under the FLSA.

Plaintiffs have done so here. Unlike the plaintiffs in *Parrish*, Plaintiffs specifically allege that they were not employed on a project-by-project basis. (*See* Am. Compl., Dkt. 11, ¶ 75). Plaintiffs further allege that they worked exclusively for NZone during a specific time period, and that the work they performed was an essential part of NZone's core business. (*Id.* ¶¶ 42, 46, 51–52). Plaintiffs also allege that they were "economically dependent on NZone" and that "NZone exercised control over all aspects of their jobs." (*Id.* ¶¶ 47, 65–66). Specifically, Plaintiffs allege that NZone dictated "the days and hours they worked and the rate they were paid," controlled the time

and place Plaintiffs worked, provided the tools and equipment they used, and enforced mandatory compliance with its policies and procedures. (*Id.* ¶¶ 47, 49, 53–55, 57–59). Plaintiffs also allege that they were not required to possess any unique or specialized skills to perform their job duties. (*Id.* ¶¶ 50, 70). According to Plaintiffs, NZone misclassified them as independent contractors rather than employees (*Id.* ¶¶ 38, 80, 85). These allegations, taken as true, raise a plausible claim that NZone was Plaintiffs' employer under the FLSA.

"Given the fact-intensive nature of the economic reality analysis, as well as the requirement that the Court credit plaintiffs' plausible allegations on a motion to dismiss, such allegations are sufficient to survive a motion to dismiss." *Crosby v. Cox Commc'ns, Inc.*, No. 16-6700, 2016 WL 6403348, at *3 (E.D. La. Oct. 28, 2016); *see also Fernandez v. JaniKing Int'l, Inc.*, No. H-17-1401, 2018 WL 539364, at *3 (S.D. Tex. Jan. 8, 2018) (finding that allegations meeting at least two elements of the economic reality test was sufficient to survive a motion to dismiss). Whether Plaintiffs can present evidence supporting their claims that they were misclassified as independent contractors rather than employees is best reserved for another day on a more developed record.

## VI. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss, (Dkt. 39), is **DENIED**.

**SIGNED** on April 24, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE