IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHEN HISER and DANA ACE, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | 1:18-CV-1056-RP |
| v. | § § | |
| NZONE GUIDANCE, LLC, | § § § | |
| Defendant. | § § | |

# ORDER

Before the Court is a motion for conditional certification and court-authorized notice filed by Plaintiffs Stephen Hiser and Dana Ace. (Dkt. 14). Having considered the parties' submissions, the record, and the applicable law, the Court will grant the motion.

## I. BACKGROUND

This is a case concerning whether Plaintiffs Stephen Hiser ("Hiser") and Dana Ace ("Ace") (together, "Plaintiffs") were improperly denied overtime compensation under the FLSA. Defendant NZone Guidance, LLC ("NZone") is an oil and gas services company that provides directional drilling and Measurement While Drilling ("MWD") services to oil and gas exploration companies. (Vaughn Decl., Dkt. 40-1, ¶ 4). Hiser worked for NZone from approximately April 2017 through November 2018 as an MWD Operator. (Am. Compl., Dkt. 11, ¶ 12). Ace worked for NZone from approximately April 2018 through December 2018 as a Directional Driller. (*Id.* ¶ 15).

Plaintiffs brought this action on behalf of themselves and all other similarly situated MWD Operators and Directional Drillers who worked for NZone, were classified as independent contractors, and were paid a day-rate with no overtime compensation. (*Id.* ¶¶ 18, 91–109). Plaintiffs allege that NZone improperly classified them as independent contractors, rather than employees,

1

and paid them a day-rate with no overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"). (*Id.* ¶¶ 80, 87–90).

Plaintiffs allege that they performed the same general duties as other NZone day-rate contractors, including rigging up, operating oilfield and drilling machinery, steering the drill, collecting and relaying data, and sending reports to NZone management. (Hiser Decl., Dkt. 14-1, ¶¶ 3–7, 18; Ace Decl., Dkt. 14-2, ¶¶ 4–11, 22). According to Plaintiffs, other day-rate MWD Operators and Directional Drillers worked similar hours—generally 12-hour shifts, seven days a week, for at least two weeks at a time. (Hiser Decl., Dkt. 14-1, ¶¶ 13–14; Ace Decl., Dkt. 14-2, ¶¶ 17–18). And the MWD Operators and Directional Drillers were paid a day rate for all hours worked without overtime compensation despite regularly working over 40 hours per week. (Hiser Decl., Dkt. 14-1, ¶¶ 10–12, 22; Ace Decl., Dkt. 14-2, ¶¶ 14–15, 18, 26). Accordingly, Plaintiffs seek to conditionally certify two classes of Plaintiffs who were deprived of overtime compensation while working for NZone under the FLSA. (*See* Mot. Certify Class, Dkt. 14, at 6).

## II. LEGAL STANDARD

An employee may bring an action for violating the overtime provisions of the FLSA either individually or by a collective action on behalf of herself and "other employees similarly situated." 29 U.S.C. § 216(b). When brought as a collective action, the plaintiff may seek "conditional class certification" from the court, which permits the plaintiff to "send[ ] [a] court-approved written notice to employees, who in turn become parties to [the] collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (citations omitted).

The threshold issue to certifying a collective action under the FLSA is whether the plaintiff can show the existence of a class whose members are "similarly situated." Although the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify an FLSA class, the majority of courts within this circuit have adopted the two-step approach articulated in

*Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See, e.g.*, *Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014); *Mateos v. Select Energy Servs., LLC*, 997 F. Supp. 2d 640, 643 (W.D. Tex. 2013); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011). This Court has previously assessed conditional certification under *Lusardi*, and will do so again here. *See Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 512–13 (W.D. Tex. 2015).

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). The determination at this initial stage is "usually based only on the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1214. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.*

District courts in Texas frequently apply a three element test, requiring a plaintiff to show that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Contreras v. Land Restoration LLC*, No. 1:16-CV-883-RP, 2017 WL 663560, at *2 (W.D. Tex. Feb. 17, 2017) (citing *Abeldano v. HMG Park Manor of Westchase, LLC*, No. H-16-1044, 2016 WL 5848890, at *6 (S.D. Tex. Oct. 6, 2016)). "The remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases to proceed collectively." *Tolentino v. C & J Spec–Rent Servs. Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010) (quoting *Albanil v. Coast 2 Coast, Inc.*, No. H-08-486, 2008 WL 4937565 at *3

(S.D. Tex. Nov. 17, 2008)). The decision of whether to conditionally certify the class and facilitate notice of potential class members based on the plaintiff's pleadings and evidence is "soundly within the discretion of the district court." *Mateos*, 977 F. Supp. 2d at 644 (citing *Hoffman–LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

If the putative class members are similarly situated, then conditional certification is warranted, and the plaintiff will be given the opportunity to send notice to potential class members. *Id.* After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated. *Mooney*, 54 F.3d at 1214. At that point the Court considers additional evidence submitted by the parties to fully evaluate the merits of the class certification, including whether members are not similarly situated. *See id.*

### III. DISCUSSION

Plaintiffs seek conditional certification on behalf of a class of similarly situated persons. Here, the record consists only of pleadings, briefings on the issue of conditional certification, and declarations submitted by Plaintiffs and NZone. Accordingly, the Court need only address the first step of the *Lusardi* inquiry.

#### A. Conditional Certification

Plaintiffs seek to certify two classes:

All MWD Operators employed by, or working on behalf of, NZone while classified as independent contractors and paid a day rate at any time during the last three years.

All Directional Drillers employed by, or working on behalf of, NZone while classified as independent contractors and paid a day rate at any time during the last three years.

(Mot. Certify, Dkt. 14, at 6). Conditional certification at the notice stage is proper where "putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n.8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D.

4

392, 407 (D.N.J. 1988)). As stated above, a plaintiff seeking conditional certification must generally show: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit."[1] *Contreras*, 2017 WL 663560, at *2.

Plaintiffs argue that they seek collective treatment for a specific type of worker: MWD Operators and Directional Drillers working for NZone that were classified as independent contractors. (Mot. Certify, Dkt. 14, at 12). While Plaintiffs acknowledge that they were classified as independent contractors, they argue that NZone in fact treated them as employees by scheduling the days and hours they worked, providing the equipment necessary to perform Plaintiffs' job duties, instructing Plaintiffs how to perform job duties, requiring compliance with NZone's company policies, and supervising Plaintiffs' performance. (Hiser Decl., Dkt. 14-1, ¶ 9; Ace Decl., Dkt. 14-2, ¶¶ 11, 13). Plaintiffs allege that during the time they worked for NZone, they and other similarly situated MWD Operators and Directional Drillers were all subject to the same compensation scheme—a flat, non-negotiable, day-rate sum regardless of the number of hours worked—that constitutes a per se violation of the FLSA. (*Id.* at 12–13 (citing *Tamez v. BHP Billiton Petroleum (Americas), Inc.*, No. 5:15-CV-330-RP, 2015 WL 7075971, at *3 (W.D. Tex. Oct. 5, 2015))); (*see also* Hiser Decl., Dkt. 14-1, ¶¶ 10–12, 22; Ace Decl., Dkt. 14-2, at ¶¶ 14–15, 26). Plaintiffs further allege that they regularly worked in excess of 40 hours per week, and that they were neither guaranteed any weekly compensation nor paid overtime. (Hiser Decl., Dkt. 14-1, ¶ 11; Ace Decl., Dkt. 14-2, ¶ 15).

---

[1] Courts are split as to whether a plaintiff must present evidence that similarly situated aggrieved individuals actually want to opt in to the lawsuit. *See Contreras*, 2017 WL 663560, at *6 (collecting cases). This requirement has no statutory basis in the FLSA, and this Court has previously found that a plaintiff need not specifically show that other aggrieved individuals wish to opt in. *See id.* NZone, however, does not dispute that other individuals want to opt into this action. Accordingly, the Court does not address this element.

NZone objects to Plaintiffs' proposed putative class. First, NZone argues that Plaintiffs fail to show a violation of the FLSA because under *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369 (5th Cir. 2019), Plaintiffs were properly classified as independent contractors, and thus no individuals were subject to a single decision, policy, or plan violating the FLSA. (Resp., Dkt. 40, at 2, 6). NZone also argues that Plaintiffs are not similarly situated to the other putative class members because whether the other putative class members were misclassified requires an individualized application of the economic realities test. (*Id.* at 7–10).

1. Individuals Subject to Unlawful Policy or Plan

Defendant first argues that Plaintiffs fail to show that they and other MWD Operators and Directional Drillers were subject to a common policy or practice that violates the FLSA. According to Defendants, because the facts in this case completely align with those in *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369 (5th Cir. 2019), Plaintiffs and other MWD Operators and Directional Drillers have no cognizable FLSA-compensation claim. (Resp., Dkt. 40, at 6).

Plaintiffs allege the following facts. Hiser states that he worked for NZone as an MWD Operator from approximately April 2017 through November 2018. (Hiser Decl., Dkt. 14-1, ¶ 2). As an MWD Operator, Hiser's work included "rigging up, operating oilfield machinery, collecting/relaying data, reporting [his] daily activities to Consultants who oversaw the entire operations on the jobsite, and rigging down." (*Id.* ¶ 3; *see also id.* ¶¶ 4–7 (describing specific tasks Hiser regularly completed as part of his job duties)). Hiser was classified as an independent contractor, but he alleges that he was financially dependent on NZone. (*Id.* ¶¶ 8–9). While on location, Hiser would work at least 12-hour shifts for seven days a week, usually up to 20 days at a time. (*Id.* ¶ 13).

Ace similarly states that she worked for NZone as a Directional Driller from approximately April 2018 through December 2018. (Ace Decl., Dkt. 14-2, ¶ 2). As a Directional Driller, the

majority of Ace's time was spent performing technical and manual labor duties. (*Id.* ¶ 3). Directional Drillers were also charged with maintaining an inventory of equipment, loading and unloading equipment, and building the equipment. (*Id.* ¶ 5). Ace would program various data into a computer and ensure correct assembly of equipment based on plans provided by the well site operator or consultant. (*Id.* ¶¶ 4–5). Directional Drillers would then steer the drill, monitor the drilling parameters and stress on the tools, and create reports consistent with NZone's policies and practices. (*Id.* ¶¶ 6–9). Once drilling was complete, Directional Drillers would help remove the drill, break down, clean, and pack tools, and disassemble the computer. (*Id.* ¶ 10). Ace was classified as an independent contractor, but lacked the independent judgment and discretion to stray from NZone's policies or procedures, and was financially dependent on NZone. (*Id.* ¶¶ 11–12). While on location, Hiser would work at least 12-hour shifts for seven days a week, usually up to 20 days at a time. (*Id.* ¶ 17).

Plaintiffs allege that their experience was typical of other MWD Operators and Directional Drillers. Plaintiffs allege that they worked with other MWD Operators and Directional Drillers that were also employed by NZone, classified as independent contractors, and subject to the same uniform compensation scheme. (Hiser Decl., Dkt. 14-1, ¶¶ 13–14, 18; Ace Decl., Dkt. 14-2, ¶ 18). Plaintiffs allege that all of NZone's day-rate contractors, both MWD Operators and Directional Drillers, regularly worked more than 40 hours per week without overtime compensation. (Hiser Decl., Dkt. 14-1, ¶ 14; Ace Decl., Dkt. 14-2, ¶¶ 17–18). Finally, Plaintiffs contend that the proposed putative class members performed substantially the same job duties, were provided the same tools, and told when and where to work.

These allegations are sufficient to demonstrate that "it is reasonable to believe that there are other aggrieved employees who are subject to an allegedly unlawful policy or plan." *Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 917–18 (S.D. Tex. 2010). At the notice stage, a plaintiff

need only provide substantial allegations that class members were victims of a single decision, policy, or plan. *Money*, 54 F.3d at 1214 n.8. Plaintiffs have personal knowledge of their coworkers' work conditions based on their time working for NZone. Plaintiffs allege that the MWD Operators and Directional Drillers were owed overtime compensation because they were misclassified as independent contractors. Courts in this Circuit have often certified classes of independent contractors alleging that they were denied overtime compensation under the FLSA. *See, e.g.*, *Baucum v. Marathon Oil Corp.*, No. H-16-3278, 2017 WL 3017509, at *4–5 (S.D. Tex. July 14, 2017); *Kibodeaux v. Wood Grp. Prod.*, No. 4:16-CV-3277, 2017 WL 1956738, at *2–3 (S.D. Tex. May 11, 2017); *Parrish v. Premier Directional Drilling, L.P.*, No. SA-16-CV-CA-00417-DAE, 2016 WL 8673862, at *3–4 (W.D. Tex. Oct. 14, 2016) (Primomo, Mag. J.), *report and recommendation adopted by* 2016 WL 8673863; *Tamez*, 2015 WL 7075971, at *3 (finding that allegations that a compensation scheme is a violation of the FLSA is sufficient and do not depend on job title or responsibility). Plaintiffs have thus presented evidence that there are other employees subject to the same allegedly unlawful compensation scheme.

NZone does not dispute that members of the potential class were subject to the same pay practices. Instead, NZone argues that those pay practices did not violate the FLSA because Plaintiffs were properly classified as independent contractors.[2] Here, Plaintiffs have alleged that the compensation scheme is itself a violation of the FLSA, so "[n]o further factual inquiry is necessary."

---

[2] NZone argues that *Parrish v. Premier Directional Drilling*, 917 F.3d 369 (5th Cir. 2019), demonstrates that Plaintiffs were properly classified as independent contractors as a matter of law. (Resp., Dkt. 40, at 2). In that case, the Fifth Circuit applied the five-factor economic realities test and found that a class of directional-driller-consultants was properly classified as independent contractors rather than employees. *Parrish*, 917 F.3d at 375–76. According to NZone, "the economic realities of the business relationship between Plaintiffs and NZone – as plead by Plaintiffs in their motion for conditional certification and supported by the affidavits– are almost identical to those plead in Parrish's motion." (Resp., Dkt. 40, at 6 n.5). Thus, NZone asks the Court to take judicial notice of the motions and pleadings in that case. (*Id.*). The Court already addressed the substance of this argument in denying NZone's motion to dismiss Plaintiffs' complaint on similar grounds, (*see* Order, Dkt. 46), and will not repeat that reasoning here. It is enough to note that *Parrish* does not support NZone's position—the district court in *Parrish* in fact *granted* Plaintiffs' request to conditionally certify a nearly identical class to the one requested by the Plaintiffs in this case. *See Parrish*, 2016 WL 8673862, at *2.

*Tamez*, 2015 WL 7075971, at *3. Accordingly, Plaintiffs allegations are sufficient to state that the proposed putative class was subject to a common policy that violates the FLSA.

2. Similarly Situated

In determining whether the class is similarly situated, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices." *Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *6 (W.D. Tex. Mar. 31, 2015) (quoting *Tice*, 826 F. Supp. 2d at 996). This requires a showing that potential class members are "similarly situated in terms of job requirements and similarly situated in terms of payment." *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2007 WL 4146714, at *5 (S.D. Tex. Nov. 19, 2007) (citing *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007)). But a plaintiff is not required to show that the class members are identical. *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (2009). Rather, a plaintiff need only show that the class members are similarly situated "in relevant respects given the claims and defenses asserted." *Tamez*, 2015 WL 7075971, at *3 (quoting *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 466 (S.D. Tex. 2012)).

NZone argues that Plaintiffs have failed to show that the proposed putative class members are similarly situated. (Resp., Dkt. 40, at 7–10). According to NZone, each member of the proposed putative classes has unique personal circumstances that require an individualized application of the economic realities test[3] in order to determine whether they were properly classified as an independent contractor rather than an employee under the FLSA. (*Id.* at 7–10). For example, NZone argues that it never prohibited contractors from working for other companies, the degree of control

---

[3] In order to determine whether a worker is an employee or an independent contractor under the FLSA, courts in the Fifth Circuit apply the "economic realities test." *See, e.g.*, *Parrish*, 917 F.3d at 379–80. The Fifth Circuit primarily considers five factors to determine whether a plaintiff is an employee: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Id.* (quoting *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008)).

it exercised over its contractors and the investment contractors had in their equipment varied, each contractor has different skills and experiences, and each contractor negotiated their own pay rates with NZone. (*Id.*). Thus, NZone argues that the putative class members are not similarly situated because "Plaintiffs have not shown that each [potential class member's] 'particular situation' can be examined through proof common to all [potential class members]." (*Id.* at 8).

Courts in this Circuit are split as to whether it is appropriate to consider the economic realities test when determining whether to conditionally certify a class in an FLSA action. Some courts have applied the economic realities test at the notice stage to deny conditional certification of an FLSA class, finding that the circumstances of each putative class member varied significantly.[4] Others have held that it is only appropriate to consider the economic realities factors at the decertification stage.[5] Courts that decline to apply the economic realities factors reason that whether a plaintiff was misclassified as an independent contractor goes to the merits of a case, and "it is well-established that litigation of merits questions, including classification questions that require application of the 'economic reality' factors is inappropriate at [the notice] stage." *Snead v. EOG Res., Inc.*, No. 5:16-CV-1134-OLG, 2017 WL 6294875, at *5 (W.D. Tex. Feb. 14, 2017). Thus, it is unclear what role the economic realities test should play at the notice stage under *Lusardi*.

---

[4] *See Christianson v. Newpark Drilling Fluids, LLC*, No. H-14-3235, 2015 WL 1268259, at *2–3 (S.D. Tex. Mar. 19, 2015) ("[I]n order to obtain conditional certification, Plaintiff must demonstrate that he and those he seeks to include in the collective action are similarly situated in respects relevant to whether they were employees."); *Andel v. Patterson-UTI Drilling Co.*, 280 F.R.D. 287, 289–90 (S.D. Tex. 2012) (finding that putative class members were not similarly situated because "the proof necessary to determine whether the putative plaintiffs are employees or independent contractors cannot be applied to the class as a whole").

[5] *See Kibodeaux*, 2017 WL 1956738, at *3 ("Defendant's argument would preclude conditional certification in any case alleging employee misclassification, a result that is at odds with decisions in this Circuit."); *Walker v. Home Am., LLC*, 870 F.Supp.2d at 471 ("The Court believes that the economic factors test is likely not appropriate for determination at the first stage of FLSA class certification."); *Tamez*, 2015 WL 7075971, at *5–6 ("Defendants' argument that their classification of the [plaintiffs] as independent contractors (and not employees) wholly dictates that conditional certification is inappropriate is without merit."); *Jones v. JGC Dall. LLC*, No. 3:11-CV-2743-O, 2012 WL 6928101, at *4 (N.D. Tex. Nov. 29, 2012) (noting that the economic realities test "is a merits-based argument, and courts are not to engage in merits-based analysis at the notice stage of a collective action"); *Parrish*, 2016 WL 8673862, at *4 (Primomo, Mag. J.) (finding that under the lenient standard at the initial *Lusardi* stage, Plaintiffs met their burden of showing that aggrieved individuals classified as independent contractors were similarly situated).

The Court need not resolve this issue in this case, however. Even assuming that Plaintiffs must show they are similarly situated under the economic realities factors, the Court concludes that class certification is justified. Plaintiffs allege that NZone classified the MWD operators and Directional Drillers as independent contractors and paid them a flat day-rate with no overtime compensation, regardless of the hours worked in a given week. (Hiser Decl., Dkt. 14-1, ¶ 13–14, 18; Ace Decl., Dkt. 14-2, ¶ 18). Plaintiffs contend that all MWD operators and Directional Drillers regularly worked more than 40 hours per week, but did not receive any overtime compensation. (Hiser Decl., Dkt. 14-1, ¶ 14; Ace Decl., Dkt. 14-2, ¶¶ 17–18). Plaintiffs also observe that NZone provided the necessary specifications and equipment for Plaintiffs to perform their job duties, scheduled the days and hours Plaintiffs worked, instructed Plaintiffs how to perform job duties, and required compliance with company policies. (Hiser Decl., Dkt. 14-1, ¶¶ 5, 8–9, 15; Ace Decl., Dkt. 14-2, ¶¶ 8, 11–13). Finally, Plaintiffs state that all MWD Operators and Directional Drillers have similar job titles and responsibilities. (*See* Am. Compl., Dkt. 11, Hiser Decl., Dkt. 14-1, at ¶¶ 12–14, 18, 22; Ace Decl.,Dkt. 14-2, ¶¶ 15–18, 22, 26). Plaintiffs note that they were not allowed to depart from predetermined, standardized daily activities and job duties, and Plaintiffs were not required to invest financially in their job or cover for financial losses. (Hiser Decl., Dkt. 14-1, ¶¶ 15–17, 20–21; Ace Decl., Dkt. 14-2, ¶¶ 11, 19–21 , 24–25). Plaintiffs allege that these circumstances are typical for MWD Operators and Directional Drillers hired as independent contractors for NZone. (Hiser Decl., Dkt. 14-1 ¶¶ 12, 18, 20; Ace Decl., Dkt. 14-2, ¶¶ 22–24). Given these allegations, Plaintiffs have sufficiently demonstrated that the proposed putative class members performed essentially the same basic tasks and were subject to the same pay practices such that the economic realities factors can be applied to the class as a whole.

Setting aside whether consideration of the economic realities test is appropriate at the notice stage under *Lusardi*, Plaintiffs have alleged a common employment policy—the allegedly unlawful

compensation scheme—sufficient to demonstrate that they are similarly situated to other aggrieved individuals who shared their job description and duties. *See Vaughn v. Document Grp. Inc.*, 250 F. Supp.3d 236, 243 (S.D. Tex. 2017) (distinguishing *Christianson* and *Andel* and finding that differences were not material because defendant "plainly has a single policy of classifying all sporadic workers as independent contractors and not paying overtime for hours worked in excess of forty"); *Tamez*, 2015 WL 2015 WL 7075971, at *5–6 (finding that the allegations and evidentiary support provided sufficient reason the economic realities test could be applied to the class as a whole) (citing *Andel*, 280 F.R.D. at 290). Although the specific individual circumstances may vary from person to person in idiosyncratic ways, the putative class members were subject to the same compensation scheme, and their job duties did not differ in any relevant way for the sake of Plaintiffs' overtime compensation claim. To the extent that the evidence ultimately produced in discovery does not conform with the allegations, any dissimilarities can be addressed at the second stage of the *Lusardi* inquiry. *See Mooney*, 54 F.3d at 1214.

### B. Notice

Plaintiffs request that the Court authorize the issuance of notice by first class mail, email, and text message to class members informing them of this action and explaining their right to opt in as plaintiffs. Plaintiffs also request that the Court order NZone to provide the names, last known home addresses, email addresses, and phone numbers for all putative class members. NZone objects to several, unspecified provisions of the proposed notice as "misleading," and argues that it should not be ordered to produce names, contact information, and other personal information to Plaintiffs due to "privacy concerns." Accordingly, NZone requests that the Court order the parties to confer regarding the wording of the notice.

The Court finds that it would be premature to authorize notice at this time. The Court thus directs the parties to confer and attempt to reach a mutual agreement regarding the substance and

form of notice. If an agreement cannot be reached, Plaintiffs are directed to submit a renewed motion for court-authorized notice. The Court will resolve any remaining disputes related to the issuance of notice at that time.

## VI. CONCLUSION

For these reasons, **IT IS ORDERED THAT** Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice, (Dkt. 14), is **GRANTED IN PART.** The Court conditionally certifies the following classes under the FLSA:

> All MWD Operators employed by, or working on behalf of, NZone while classified as independent contractors and paid a day rate at any time during the last three years.

> All Directional Drillers employed by, or working on behalf of, NZone while classified as independent contractors and paid a day rate at any time during the last three years.

**IT IS FURTHER ORDERED** that the parties confer and attempt to reach a consensus regarding the form and substance of the notice to be provided to putative class members. If the parties are unable to reach an agreement, Plaintiffs shall submit a renewed motion for court-authorized notice on or before **May 14, 2019.**

**SIGNED** on April 30, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE