UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHEN HISER and DANA ACE, individually and on behalf of all others similarly situated, | § § § § § § § § § § § § | |
| Plaintiffs, | | Civil Action No. 1:18-cv-1056 |
| vs. | | FLSA COLLECTIVE ACTION |
| NZONE GUIDANCE, LLC, | | JURY TRIAL DEMANDED |
| Defendant. | | |

**AGREED MOTION FOR APPROVAL OF
CONFIDENTIAL SETTLEMENT AGREEMENT
AND DISMISSAL OF LAWSUIT WITH PREJUDICE**

Plaintiffs Stephen Hiser (Hiser) and Dana Ace (Ace) (collectively, Plaintiffs) file this Agreed Motion for Approval of Confidential Settlement Agreement and Dismissal of Lawsuit with Prejudice. Defendant NZone Guidance, LLC (NZone) agrees to the filing of this Motion. In support of their Motion, Plaintiffs respectfully show the Court as follows:

### INTRODUCTION

Plaintiffs and Defendant (collectively the "Parties") have reached a Confidential Settlement Agreement with respect to this Fair Labor Standards Act (FLSA) case. The Confidential Settlement Agreement represents the extensive investigation, litigation, and negotiation. If approved, it will provide meaningful monetary relief to Plaintiffs and Opt-in Plaintiffs (collectively, "Settlement Class Members") and reprieve to NZone by eliminating the need for either party and their representatives to remain involved in protracted and expensive litigation.

This Confidential Settlement Agreement is the compromise of disputed claims and does not constitute an admission by NZone of any violation of any federal, state, or local statute or regulation; of any violation of any of the Settlement Class Members' rights; or of any duty owed by NZone to

1

the Settlement Class Members. NZone expressly denies the Settlement Class Members' claims, disputes the Settlement Class Members' entitlement to recover any damages, and disagrees with the Settlement Class Members as to, for example and without limitation: the number of hours the Settlement Class Members actually worked; whether the Settlement Class Members were properly classified as independent contractors; whether the Settlement Class Members were exempt under one or more exceptions to the FLSA's overtime requirements; whether NZone's alleged FLSA violations were made in good faith and on reasonable grounds; and whether NZone's alleged FLSA violations were willful.

The Parties have entered into the Confidential Settlement Agreement as a compromise to avoid the risks, distractions, and costs that will result from further litigation. For these reasons, the Parties jointly request the Court approve their Confidential Settlement Agreement and dismiss the Settlement Class Members' claims with prejudice. The terms of the Confidential Settlement Agreement are confidential, and the Confidential Settlement Agreement is filed under seal contemporaneously.

**ARGUMENT & AUTHORITIES**

1. **The Parties have agreed upon a formal settlement agreement.**

The Confidential Settlement Agreement attached to this motion has already been agreed upon and executed by the Parties. *See* Ex. 1 (filed under seal). Under the Confidential Settlement Agreement, the amounts have been allocated to each Settlement Class Member based upon their time alleged to have worked for NZone by workweek. This is not an opt-in settlement. The Settlement Class Members will receive a check in the mail, and the Settlement Class is only made up of those Plaintiffs and Opt-in Plaintiffs who joined this case prior to the Parties' July 6, 2020 mediation. *See* Doc. 1-A (Stephen Hiser); Doc. 7 (Denny Lo and Robert Santiago); Doc. 11-1 (Dana Ace); Doc. 12 (Jorge Betancourt and Coty Kaizer); Doc. 42 (Timothy Walker); Doc. 56 (Larry Andrew Capps, Ronny Golightly, Lance

Lucker, and Robert Thomas); Doc. 57 (Andrew Becilla, Les Hamman, and Andy Rendon); Doc. 58 (Nathan Farmer, Cory Ward, and Robert Wolfe II); Doc. 59 (Scott Cowan); Doc. 60 (John Barry and Matthew LaFreniere); Doc. 63 (George Christmas); Doc. 66 (David Thorp); Doc. 70 (Oliver Calza); Doc. 72 (Richard Cabello); Doc. 76 (Robert Scarbrough); *see also* Ex. 1 at ¶ 1.

### 2.   The settlement represents a reasonable compromise of this litigation.

This Confidential Settlement Agreement provides the Settlement Class Members with a substantial recovery for their alleged unpaid overtime wages, which is commensurate with the disputed nature of the Settlement Class Members' claims. NZone disputes the Settlement Class Members' claims as to liability and amount.

All Parties are represented by experienced counsel. Class Counsel has served as lead counsel in numerous large-scale wage and hour class/collective actions. *See*, *e.g.*, *Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183 (6th Cir. 2017) (reversing trial court's grant of summary judgment in favor of defendant); *Roussell v. Brinker Int'l, Inc.*, 09- 20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs).

The Parties and their respective Counsel agree the Confidential Settlement Agreement is a fair and reasonable compromise of the claims alleged by the Settlement Class Members in light of the procedural posture of the case, the litigation risks, and the litigation costs to all Parties. The Parties have engaged in arm's-length and extended settlement negotiations, including a full-day in person mediation session with experienced wage and hour mediator, Dennis Clifford. Because the settlement is a fair and reasonable compromise and adequately compensates the participants for the unpaid overtime hours alleged by the Settlement Class Members, the Parties seek entry of the submitted Order Approving Confidential Settlement. The Confidential Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute.

The Fifth Circuit has set out six factors for evaluating settlement proposals: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

First, the settlement is a product of the extended negotiations of the Parties, including a full-day mediation. There was no fraud or collusion by any participant.

Further, regarding factors 2 through 5, this case was settled after more than a year and a half of work by the Parties and their Counsel, including an appeal to the Fifth Circuit. Prior to settlement, the Parties worked together to resolve various complex, disputed issues, such as time worked, independent contractor status, the economic realities of the Parties' relationship, good faith, and willfulness. And if the case were not settled, there would be extensive work to be done, including dispositive motions, propounding and responding to discovery by both parties, associated discovery disputes, and questions regarding complex legal issues including applicability of the FLSA, the economic realities, good faith and willfulness, and decertification. These issues are in addition to any disputes as to the hours worked by the Settlement Class Members in the first place. The Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and (the Settlement Class Members in particular) recognized that their settlement represented a compromise of the range and certainty of their damages.

Finally, that this settlement in the best interest of the Class Members is an opinion shared by Class Counsel and the Settlement Class Members, as further demonstrated by the endorsement of the Agreement by Plaintiffs Hiser, Ace, and Santiago.

### 3. Attorney fees and litigation expenses are reasonable.

The Court may begin its analysis of a contingent attorney fee by looking at fees awarded in other courts, particularly in the Fifth Circuit. The Fifth Circuit recognizes that contingency fees are desirable because it is predictable, encourages settlement, and reduces incentives for protracted litigation. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643-44 (5th Cir. 2012) (adding, "[D]istrict courts in this Circuit regularly use the percentage method blended with a *Johnson* reasonableness check, and for some it is the 'preferred method.'").

Within the Fifth Circuit, customary contingency fees for class funds have ranged from 33.33% to 50%. *See In re Bayou Sorrell Class Action*, No. 6:04-CV-1101, 2006 WL 3230771 (W.D. La. Oct. 31, 2006) (Haik, C.J.) (awarding, in a percentage/*Johnson* analysis, attorney fees of 36%). In FLSA cases such as this,[1] the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%.[2] *See, e.g., Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Indeed, Courts within the Fifth Circuit regularly approve FLSA contingency fee arrangements of 40%, finding it to be fair and reasonable considering the customary contingency fee arrangements in this community. *See, e.g., Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (Doherty, J.); *see also Comeaux v. Quality Energy Servs., Inc.*, No. 6:15-CV-02510-RGJ-PJH, ECF No. 78 (W.D. La. July 20, 2017) (James, J.) (approving attorney fees of 40%).

In evaluating a contingency fee award, the Court may look at the factors set forth in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974). The *Johnson* factors include the following of import in this case: (1) the time and labor required; (2) the novelty and difficulty of the questions

---

[1] Other types of actions may involve concerns not present in an FLSA matter such as this. For example, Rule 23 class actions have unique procedural rules not applicable to an FLSA case, and notably bind nonparticipating class members, while an FLSA action requires an affirmative decision by putative class members to opt-in. Likewise, this case does not invoke the unique concerns involved in a maritime injury, where the court must be mindful of its role in protecting a ward of admiralty.

[2] The Fifth Circuit notes this was the customary fee for cases "against the government," but Class Counsel does not believe this distinction to be material.

MIDLAND\016061\000002\2657799.1

posed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; and (10) awards in similar cases.

Regarding the time and efforts required of Class Counsel (factors 1 and 7), this matter was pending for over a year and a half where substantial discovery was propounded, the Parties vigorously disputed the applicability of arbitration agreements (indeed, resulting in a month's-long appeal to the Fifth Circuit), substantial briefing (including conditional certification, motions to dismiss, motions to compel arbitration, and motions to strike), and lengthy negotiations took place regarding tolling, staying litigation, and independent contractor status. This represents a significant devotion of time to reach resolution of this case.

Second, the separately-negotiated, agreed contingency fee (factors 5, 6, and 10) in the Professional Services Agreement between Plaintiffs and Class Counsel provides for a contingency fee of 40% of the gross settlement amount, which is in line with Fifth Circuit precedent. *Vela*, 276 F.3d at 681; *see also Legros*, 2017 WL 925730, at *3 (approving attorney fees of 40%); *Comeaux*, No. 6:15-CV-02510-RGJ-PJH, Doc. 78 (same).

Next, Class Counsel's skill, knowledge, reputation, and experience (factors 2, 3, and 9) are well-recognized in FLSA cases such as this. The Settlement Class Members' attorneys have considerable experience prosecuting and settling FLSA cases, and in this case, were particularly well-informed as to the facts and circumstances of the litigation and the risk of not prevailing at trial. *See Cotton v. Hinton*, 559 F. 2d 1326, 1330 (5th Cir. 1977) (holding that the court is "entitled to rely upon the judgment of experienced counsel for the parties" in assessing a settlement and "absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel"); *Shaw v. CAS, Inc.*, No. 5:17-

CV-142, 2018 WL 3621050, at *3 (S.D. Tex. Jan. 31, 2018) (preliminarily approving settlement where counsel believed settlement was reasonable and adequate based on "comprehensive knowledge of the facts and legal issues"); *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-1969, 2009 WL 2856246, at *4 (E.D. La. Aug. 28, 2009) ("The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a … settlement.") (internal citations omitted). Class Counsel have served as lead counsel in numerous large-scale wage and hour class/collective actions. *See, e.g.*, *Hughes*, 878 F.3d 183 (reversing trial court's grant of summary judgment in favor of defendant); *Roussell*, 2011 WL 4067171 (affirming jury verdict in FLSA collective action); *Belt*, 444 F.3d 403. FLSA collective action cases such as this are the main focus of Class Counsel's docket. Although Class Counsel is based in Texas, both JOSEPHSON DUNLAP LAW FIRM and BRUCKNER BURCH PLLC have a national docket of FLSA cases, with litigation across the United States, not only in Texas, but also in Alaska, California, Washington, Nebraska, Minnesota, North Dakota, Arizona, Colorado, Wyoming, Oklahoma, Illinois, Kentucky, Louisiana, New Mexico, Ohio, Pennsylvania, Virginia, Massachusetts, Florida, Maryland, South Carolina, North Carolina, and elsewhere. In recent years, Class Counsel's joint docket has carried around or over 250 cases involving collective action claims for oilfield workers, such as this case.

Class Counsel's experience has caused them to review and become familiar with a large body of documents and information concerning FLSA litigation, which benefits cases such as this and maximizes the settlement value of the case. Class Counsel's experience in this field has also resulted in a familiarity with the evidence and testimony necessary for the successful prosecution of FLSA collective actions such as this. Indeed, as one court expressly noted regarding Plaintiffs' Counsel, "the firms involved in this case on the Plaintiffs' side are **among the most experienced and best regarded in this specialized practice area**." *Kurgan v. Chiro One Wellness Ctrs., LLC*, No. 10-CV-1899, 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015). In all, Class Counsel has secured millions of dollars

CV-142, 2018 WL 3621050, at *3 (S.D. Tex. Jan. 31, 2018) (preliminarily approving settlement where counsel believed settlement was reasonable and adequate based on "comprehensive knowledge of the facts and legal issues"); *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-1969, 2009 WL 2856246, at *4 (E.D. La. Aug. 28, 2009) ("The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a … settlement.") (internal citations omitted). Class Counsel have served as lead counsel in numerous large-scale wage and hour class/collective actions. *See, e.g.*, *Hughes*, 878 F.3d 183 (reversing trial court's grant of summary judgment in favor of defendant); *Roussell*, 2011 WL 4067171 (affirming jury verdict in FLSA collective action); *Belt*, 444 F.3d 403. FLSA collective action cases such as this are the main focus of Class Counsel's docket. Although Class Counsel is based in Texas, both JOSEPHSON DUNLAP LAW FIRM and BRUCKNER BURCH PLLC have a national docket of FLSA cases, with litigation across the United States, not only in Texas, but also in Alaska, California, Washington, Nebraska, Minnesota, North Dakota, Arizona, Colorado, Wyoming, Oklahoma, Illinois, Kentucky, Louisiana, New Mexico, Ohio, Pennsylvania, Virginia, Massachusetts, Florida, Maryland, South Carolina, North Carolina, and elsewhere. In recent years, Class Counsel's joint docket has carried around or over 250 cases involving collective action claims for oilfield workers, such as this case.

Class Counsel's experience has caused them to review and become familiar with a large body of documents and information concerning FLSA litigation, which benefits cases such as this and maximizes the settlement value of the case. Class Counsel's experience in this field has also resulted in a familiarity with the evidence and testimony necessary for the successful prosecution of FLSA collective actions such as this. Indeed, as one court expressly noted regarding Plaintiffs' Counsel, "the firms involved in this case on the Plaintiffs' side are **among the most experienced and best regarded in this specialized practice area**." *Kurgan v. Chiro One Wellness Ctrs., LLC*, No. 10-CV-1899, 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015). In all, Class Counsel has secured millions of dollars

in settlements in FLSA cases for their clients. Further, Class Counsel's acceptance of this case (factor 4), and the considerable time and effort expended on this case, has precluded time that they could have spent pursuing other matters.

Finally, "the most critical factor in determining a fee award is the degree of success obtained" (factor 8). *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). The degree of success here is high because NZone vigorously contested the Settlement Class Members' claims and denied that the Settlement Class Members were improperly classified, paid, underpaid, or that any alleged damages are owed, requiring the Settlement Class Members to litigate this matter for over a year and a half before the matter could be settled at mediation.

For these reasons, Plaintiffs believe a fee of 40% is reasonable and necessary in this case. Class Counsel also seeks reimbursement of their advanced litigation expenses.

**4.     Plaintiffs' attorney fees are part of the Confidential Settlement Agreement between the Parties.**

As part of the settlement, the Parties have agreed that Class Counsel is entitled to a total of 40% of the gross settlement amount. This is the agreement that the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) ("[T]he court cannot modify the bargained-for terms of the [class-action] settlement agreement."); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), *reh'g en banc denied sub nom. In re Deepwater Horizon—Appeals of the Economic and Property Damage Class Action Settlement*, 756 F.3d 320 (5th Cir. 2014), *cert. denied sub nom. BP Exploration & Prod, Inc. v. Lake Eugenie Land & Dev., Inc.*, 135 S.Ct. 754 (2014); *Blanchard v. Forrest*, No. 93-3780,

8

1996 WL 28526, at *3 (E.D. La. Jan. 23, 1996) (overruling magistrate judge's modification to consent judgment because courts lack authority to modify a settlement agreement).

Because Plaintiffs have made the amount of and provisions regarding payment of their attorney fees an unseverable part of their agreement with NZone, Plaintiffs stress that a rejection of this (or another portion) of their Confidential Settlement Agreement will result in a failure of the Parties' agreement, a return of funds to NZone, and the resumption of litigation.

## CONCLUSION

The Confidential Settlement Agreement reached by Plaintiffs and NZone will provide considerable relief to the Settlement Class Members. Accordingly, the Court should approve the Confidential Settlement Agreement reached by the Parties in its entirety.

Respectfully submitted,

**JOSEPHSON DUNLAP**

By: _/s/ Taylor A. Jones_
    **Michael A. Josephson**
    TX Bar No. 24014780
    **Andrew W. Dunlap**
    TX Bar No. 24078444
    **Taylor A. Jones**
    TX Bar No. 24107823
    **Lindsay R. Itkin**
    TX Bar No. 24068647
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com
litkin@mybackwages.com

**Richard J. (Rex) Burch**
TX Bar No. 24001807
**Bruckner Burch PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**_Attorneys for Plaintiffs and the Class Members_**

10

## CERTIFICATE OF SERVICE

I served a copy of this document on all registered parties and/or their counsel of record on August 7, 2020 via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Taylor A. Jones*
**Taylor A. Jones**

## CERTIFICATE OF CONFERENCE

I conferred with Counsel for NZone, who indicated that NZone is agreed and not opposed to the relief sought in this Motion, as further evidenced by the Parties' Confidential Settlement Agreement. *See* Ex. 1.

*/s/ Taylor A. Jones*
**Taylor A. Jones**