IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHEN HISER and DANA ACE, *individually and all others similarly situated*, | § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | 1:18-CV-1056-RP |
| NZONE GUIDANCE, LLC, | | |
| Defendant. | | |

**ORDER**

Before the Court are the parties' motions asking the Court to approve their settlement agreement and dismiss this case with prejudice, (Mot. Approve, Dkt. 85), and to file the settlement under seal, (Sealing Request, Dkt. 87). The parties contend that they have reached a "fair and reasonable compromise of the claims," (Dkt. 85, at 3), but insist that confidentiality was a "material component of the Parties' agreement." (Dkt., 87, at 1). After reviewing the parties' motions and the relevant law, the Court will grant the motion to approve the settlement and deny the motion to seal the settlement agreement.

**I.    Background**

Plaintiffs Stephen Hiser and Dana Ace (together "Plaintiffs") filed this "putative collective and class action" on December 7, 2018, alleging violations of the Fair Labor Standards Act of 1938's ("FLSA") overtime wage provisions on behalf of themselves and other employees ("FLSA Plaintiffs") who work at NZone Guidance, LLC ("NZone") and were improperly classified as independent contractors. (Compl., Dkt 1, at 1; Am. Compl., Dkt. 11, at 1). NZone denies that it misclassified or improperly compensated FLSA Plaintiffs, or that it violated the FLSA. (Am. Answer, Dkt. 48). The Court granted the parties' joint motion to stay the case pending mediation. (*See* Dkt. 83). The parties filed their motion to file their finalized settlement under seal on August 7,

2020, attaching the settlement agreement itself. (Sealing Request, Dkt. 87; Settlement Agreement, Dkt. 87-1). That same day, the parties filed their joint motion for approval of their settlement agreement and dismissal of all claims. (Mot. Approve, Dkt. 85).

## II.   Discussion

### A.   Motion to Seal

The Court first considers the parties' request to seal the settlement agreement. "In the FLSA context, there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public review. The public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality." *Rodriguez v. El Polio Regio, Inc.*, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012) (quoting *Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008) ("'[T]he overwhelming consensus of district courts that have considered the issue [ ] hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access.'")). "Sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair. Absent an extraordinary reason, the court cannot seal such records." *Id.* (quoting *Tran v. Thai*, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009)).

In their one-page motion, the parties contend that confidentiality is a "material component" of the settlement agreement and that their motion to seal is intended "to preserve the Parties' agreement." (Dkt. 87, at 1). The Court finds that these grounds do not present the type of extraordinary reasons that courts accept as sufficient to seal the settlement agreement in its entirety. *Davis v. Capital One Home Loans, LLC*, 2020 WL 2573493, at *3 (N.D. Tex. May 20, 2020) (denying motion to seal FLSA settlement agreement where parties' argued that confidentiality was a material term that facilitated their settlement and protected their privacy interests, and that public availability of settlement agreement might adversely affect Defendant by encouraging other lawsuits); *Parrish v.*

*Def. Sec. Co.*, 2013 WL 372940, at *1 (N.D. Tex. Jan. 31, 2013) ("[I]n the FLSA context the general judicial goal of facilitating settlements is countermanded by the presumption of openness."). As such, the Court finds that the reasons asserted in the parties' motion to seal are "more akin to '[a] business's general interest in keeping its legal proceedings private,' and is insufficient to overcome the presumption of public access." *Parrish v. Def. Sec. Co.*, 2013 WL 372940, at *1 (N.D. Tex. Jan. 31, 2013) (denying motion to seal FLSA settlement agreement where parties argued that publication of settlement agreement might influence Defendant's settlement negotiations in pending litigation).

In the alternative to sealing the settlement agreement, the Court orders the parties to submit a proposed redacted version of their settlement agreement within fourteen (14) days of the issuance of this order. If the parties do not timely submit a redacted settlement agreement, their settlement agreement will be unsealed.

### B. Approval of Settlement Agreement

FLSA Plaintiffs filed this case to recover damages for violations of the FLSA's overtime wage provisions. (*See* Am. Compl., Dkt. 11, at 9–10). The Fifth Circuit has not strictly defined the ambit of FLSA vis-à-vis dismissals without judicial review of settlement agreements. *See Martin v. Spring Break '83Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) ("[T]his court has no binding precedent that resolves whether parties may privately settle a FLSA claim involving a bona fide dispute over whether the plaintiffs worked on days for which they seek unpaid wages."). However, the Fifth Circuit has held a "private settlement of FLSA claims" to be binding when "the settlement gave employees 'everything to which they [were] entitled under the FLSA at the time the agreement [was] reached.'" *Id.* (quoting *Thomas v. Louisiana*, 524 F.2d 613, 615 (5th Cir. 1976)). In *Martin*, the settlements were enforceable as "a way to resolve a bona fide dispute as to the number of hours worked—not the rate at which [the workers] would be paid for those hours." *Id.* at 256.

Given the absence of explicit Fifth Circuit precedent to the contrary and the tendency of district courts within the Fifth Circuit to require review of FLSA settlement agreements, the Court finds that its review and approval of the settlement is appropriate, if not mandatory. *See Trevino v. Colt Oilfield Servs., LLC*, 2019 WL 3816302, at *2 (W.D. Tex. May 6, 2019) "The primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Sims v. Hous. Auth. City of El Paso*, 2012 WL 10862119, at *2 (W.D. Tex. Feb. 29, 2012) (quoting *Liger v. New Orleans Hornets NBA Ltd., P'ship*, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009)).

Here, there clearly "exists a bona fide dispute" under the FLSA regarding "the amount of hours worked or compensation due." *Jones v. JGC Dallas LLC*, No. 3:11–CV–2743–O, 2014 WL 7332551, at *3 (N.D. Tex. Nov. 12, 2014). In this case, FLSA Plaintiffs alleged that NZone violated the FLSA when it failed to pay FLSA Plaintiffs "overtime compensation when they worked in excess of forty [40] per week." (Am. Compl., Dkt. 11, at 10). In its answer, NZone denied all material allegations and maintains that all FLSA Plaintiffs received "proper payment for all hours worked." (*See* Answer, Dkt. 48, at 26; Dkt. 85, at 2).

Furthermore, the parties' settlement agreement is a product of "arm's-length and extended settlement negotiations, including a full-day in person mediation with [an] experienced wage and hour mediator," (Dkt. 85, at 3), and provides FLSA Plaintiffs with "everything to which [they alleged they were] entitled under the FLSA at the time the agreement [was] reached." *Martin*, 688 F.3d at 255. The settlement provides FLSA Plaintiffs with "a substantial recovery for their alleged unpaid overtime wages, which is commensurate with the disputed nature of the Settlement Class Members' claims." (Dkt. 85, at 3). In addition, class counsel and the FLSA Plaintiffs agree that the settlement is in their "best interest," and the settlement's fairness is "further demonstrated by the endorsement of

4

the Agreement by [named] Plaintiffs Hiser [and] Ace." (*Id.* at 4). Accordingly, the Court finds that the settlement agreement comports with *Martin* and is a fair result of good-faith negotiations between the parties. It is therefore binding and enforceable.

Furthermore, the attorney's fees provisions of the settlement are appropriate and align with the remedial purposes of the FLSA. The settlement agreement requires that NZone pay 40 percent of the total settlement amount to FLSA Plaintiffs' counsel to cover attorney's fees and costs, in addition to "advanced litigation expenses." (Settlement Agreement, Dkt. 87-1, at 5; Dkt. 85, at 8). This percentage is in line with that courts have approved in reviewing other FLSA settlements. *See, e.g.*, *Sarabia v. Spitzer Indus., Inc.*, 2018 WL 6046327, at *4 (S.D. Tex. Nov. 19, 2018); *Matthews v. Priority Energy Servs.*, LLC, 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018). The parties also note that their proposed attorney's fees represent the "significant devotion of time to reach a resolution in this case." (Dkt. 85, at 6). The Court thus finds that the attorney's fees provision in the settlement agreement is fair and reasonable.

Given the foregoing, the Court finds that the settlement agreement is consistent with the FLSA's purposes of protecting workers "from substandard wages and excessive hours" and safeguarding their ability to obtain relief to which they may be entitled. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that the parties' Joint Motion to Dismiss and for Approval of Settlement, (Dkt. 85), is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' Agreed Motion for Leave to File Settlement under Seal, (Dkt. 87), is **DENIED**. The parties are **ORDERED** to submit a proposed redacted settlement agreement within 14 (fourteen) days of the entry of this order.

**SIGNED** on January 25, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE