**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| STEPHEN HISER and DANA ACE, individually and on behalf of all others similarly situated | § § § | Docket No. 1:18-CV-1056 |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| NZONE GUIDANCE, LLC | § § | |
| | § | FLSA COLLECTIVE ACTION |
| Defendant. | § § | |

**CONFIDENTIAL SETTLEMENT AGREEMENT OF COLLECTIVE ACTION**
**CLAIMS AND RELEASE OF ALL CLAIMS**

This Confidential Settlement Agreement of Collective Action Claims and Release of All Claims ("Settlement Agreement") is made by Plaintiffs, Stephen Hiser and Dana Ace, individually and on behalf of the Opt-In Plaintiffs (as defined herein), and Defendant NZone Guidance, LLC ("Defendant"), in the above-captioned case, subject to the approval of the Court. Plaintiffs and Defendant shall be referred to as the "Parties."

1.      **Procedural History and Recitals.**

Plaintiffs filed this lawsuit against Defendant, alleging violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (the "Lawsuit"). Specifically, Plaintiffs alleged Defendant failed to pay certain workers overtime for hours worked in excess of forty during workweeks. The following individuals opted into the Lawsuit: John Barry, Andrew Becilla, Jorge Bentacourt, Richard Cabello, Oliver Calza, Larry Capps, George Christmas, Scott Cowan, Nathan Farmer, Ronny Golightly, Les Hamman, Coty Kaizer, Matthew LaFreniere, Denny Lo, Lance Lucker,

Andy Rendon, Robert Santiago, Robert Scarbrough, Robert Thomas, David Thorp, Timothy Walker, Cory Ward, Robert Wolfe II (collectively the "Opt-In Plaintiffs").

The Parties agree that there are bona fide disputes between them with respect to (a) the legal entitlement to the claim for overtime compensation; and (b) the facts that are the basis for the allegations of unpaid overtime compensation. The Parties acknowledge and agree that the resolution of the dispute forming the basis of this lawsuit is not a mere compromise of guaranteed substantive rights under the FLSA.

To avoid protracted litigation and expense, the Parties engaged in informal and/or formal discovery to identify the potential class members, documents, and records necessary for the parties to calculate as accurately as possible the number of hours worked by, and the wages paid to, Plaintiffs and Opt-In Plaintiffs. In entering into this Settlement Agreement, Plaintiffs, individually and on behalf of the Opt-In Plaintiffs, has considered: (a) the facts developed during the Parties' mediation and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this settlement according to the terms of this Settlement Agreement. Plaintiffs have concluded that the terms of this Settlement Agreement are fair, reasonable and adequate, and that it is in the best interest of Plaintiffs and Opt-In Plaintiffs to settle their claims against Defendant pursuant to the terms set forth herein.

After substantial, arms' length negotiations, the Parties reached an agreement to settle the Lawsuit on a class-wide basis. There are 25 Plaintiffs who have filed consents in this action and are participating as plaintiffs (hereinafter referred to as the "Settlement Class"). The members of the Settlement Class, and their respective shares, are set forth in Exhibit A.

Defendant denies the allegations in the Lawsuit and denies that it engaged in any wrongdoing or violation of law.  Defendant is entering into this Settlement Agreement because it will eliminate the burden, risk and expense of further litigation.  Except for purposes of effectuating the Parties' settlement, neither the Settlement Agreement nor any document referred to herein, nor any action taken to carry out this Settlement Agreement, may be used in any way as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement Agreement would be appropriate in the Lawsuit or any other case.

In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBYAGREED, by and between the undersigned, that Plaintiffs' and Opt-In Plaintiffs' claims against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as herein defined) shall be finally and fully compromised, settled and dismissed as to the Releasees (as herein defined), in the manner and upon the terms and conditions set forth herein.

2.    **Definitions and Benefits Under Settlement Agreement.**

(a)    "Effective Date" means the first business day following the Court's dismissal Order.

(b)    "Total Settlement Amount" means the maximum amount that Defendant shall pay in exchange for the release of all Released Claims by Plaintiffs and the Opt-In Plaintiffs, which is the sum of ███████████████████████████  In no event shall the Total Settlement Amount exceed this sum.

As set for forth in Sections 2(c) and 2(d) below, the Total Settlement Amount consists of: (1) the negotiated settlement payments for distribution to the Settlement Class; (2) a separately negotiated

award of attorneys' fees and costs; and (3) a service award(s) for Plaintiffs Hiser, Ace, and Santiago, in the amount of ▇▇▇▇ each.

(c)     **Payments to Members of the Settlement Class.** Members of the Settlement Class who will receive their share of the settlement for which a Form 1099 will be issued.

(d)     **Attorneys' Fees and Costs:** The payment to Settlement Class Members under this Settlement Agreement shall not be reduced pursuant to any contingent fee agreement. Rather, the Parties have negotiated independently with respect to attorneys' fees, costs, and expenses. The agreed upon attorney's fees, costs, and expenses are reflected as part of the Total Settlement Amount for purposes of this Settlement Agreement. Defendant will pay a negotiated fee equal to ▇▇▇▇ and costs and expenses in the amount of up to ▇▇▇▇ separate and apart from the Settlement Class payments. In the event costs and expenses total less than ▇▇▇▇, the difference shall be paid, proportionally, to the Members of the Settlement Class. Payment shall be made to Bruckner Burch PLLC IOLTA Trust Account via wire transfer. Bruckner Burch PLLC shall receive a Form 1099 reflecting the payments for attorneys' fees and costs, and will provide Defendant with a properly executed IRS Form W-9.

(e)     "Releasees" means Defendant and its subsidiaries, affiliates, agents, employees, owners, members, officers, directors, partners, benefit plans, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns and insurers.

(f)     "Released Claims" means any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or any other

compensation and relief arising under the FLSA or any other state or local wage-related law applicable to the work performed for Defendant during the Class Period.

(g)  "Class Period" means December 7, 2018 through the Effective Date.

**3.    Funding and Approval of the Settlement:**

**(a)**    Within 7 calendar days after the execution of this Settlement Agreement, Plaintiff's Counsel shall file a motion with the Court seeking approval of the settlement.  Said Motion and a copy of this Agreement will be filed under seal.

**(b)**    Within 14 calendar days from the Court's approval of the Settlement Agreement, Defendant will deposit ▮▮▮▮▮ into Bruckner Burch PLLC's IOLTA Trust Account.  It is incumbent upon Plaintiffs' counsel to issue checks to Members of the Settlement Class in the appropriate amounts as set forth herein and on Exhibit A.  All payments made to Members of the Settlement Class shall be treated as non-wage penalties and liquidated damages and will be reported on an IRS Form 1099 and shall not be subject to federal or state withholdings.  Members of the Settlement Class shall be solely and legally responsible to pay all taxes their share of the settlement proceeds and hereby covenant and agree to **INDEMNIFY AND HOLD HARMLESS DEFENDANT FROM AND AGAINST ANY TAXES, FINES, PENALTIES, INTEREST, SUIT, CLAIMS, DEMANDS, LIENS, PROCEEDINGS AND ANY OTHER LIABILITY ARISING OUT OF SUCH TAX CONSEQUENCES.**

**4.    Dismissal Order.**

The parties will jointly request this case be dismissed with prejudice.  Said Motion must be filed under seal.

5.      **Release of Claims.**

Plaintiffs and Opt-In Plaintiffs hereby irrevocably and unconditionally release, acquit, and forever discharge Releasees from the Released Claims and covenant not to sue or bring any other legal action against Releasees with respect to any and all claims and causes of action which could have been alleged under the FLSA or other local, state or federal laws relating to wage and hour compensation. Plaintiffs and Opt-In Plaintiffs agree not to file, re-file or initiate, on behalf of themselves or others any claims which could have been asserted in the Lawsuit in any federal or state court, and/or any federal, state, or local administrative or regulatory agency and further agrees not to encourage or solicit others to do so. Plaintiffs and counsel for Plaintiffs have express authority to enter into this Settlement Agreement on behalf of the Opt-In Plaintiffs and all Opt-In Plaintiffs are bound by the terms of this Agreement.

6.      **Confidentiality.**

(a)      Plaintiffs, Opt-In Plaintiffs and counsel for same shall keep the terms of this Settlement Agreement confidential unless disclosure is required by law.  In the event that Plaintiffs, Opt-In Plaintiffs and counsel for same are questioned about the status, terms of or result of this Settlement Agreement, the settlement terms or the Lawsuit, they may only respond with words that are virtually identical to the following language:

"The matter has been resolved."

(b)      In further consideration for the above Plaintiffs and Opt-In Plaintiffs agree to not voluntarily participate in any third-party or governmental investigation related to the subject matter of the Lawsuit and/or Plaintiffs and Opt-In Plaintiffs' employment with Defendant unless said participation is required

by law. Plaintiffs and the Opt-In Plaintiffs further represent and warrant that they have not initiated any third party or governmental investigation related to the subject matter of the Lawsuit or their employment with Defendant. However, nothing in this Agreement shall prohibit Plaintiff and Opt-In Plaintiffs from complying with any subpoena or governmental process.

7.    **Non-Admission.**

Nothing in this Settlement Agreement should be construed as an admission of any wrongdoing by Defendant or any other person or entity.

8.    **This Settlement Is Fair, Adequate, and Reasonable.**

The Parties believe this Settlement Agreement is a fair, adequate, and reasonable settlement of the Lawsuit and have arrived at this Settlement Agreement in arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement Agreement was reached after extensive negotiations and exchange of information.

9.    **Amendment or Modification.**

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

10.    **Entire Agreement.**

This Settlement Agreement, including and Exhibit(s), constitutes the entire agreement regarding the subject matter hereof, and no oral or written representations, warranties or inducements have been made to any Settlement Class Member concerning this Settlement Agreement or its Exhibit(s) other than the representations, warranties and covenants contained and memorialized in this Settlement Agreement.

MIDLAND\016061\000002\2638451.1

11.    **Settlement Agreement Subject to Certain Conditions.**

This Settlement Agreement is contingent on Court approval of the Settlement Agreement as written. The Settlement Agreement shall be null and void, and any order entered by the Court in furtherance of the Settlement Agreement shall be treated as void *ab initio*, in the event the Court does not grant approval of this Settlement Agreement or the Court conditions approval on terms different than those set forth in the Settlement Agreement.

12.    **Binding on Successors and Assigns.**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto.

13.    **Applicable Law.**

The Parties select Texas law to govern this agreement, without regard to its conflict of laws.

14.    **Counterparts.**

This Settlement Agreement may be executed in one or more counterparts. Signatures transmitted by fax, email, electronic, or PDF shall have the same effect as an original ink signature.

15.    **Jurisdiction of the Court.**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

16.    **Other Acknowledgments.**

Plaintiffs and Opt-In Plaintiffs represent and certify that they (1) have carefully read all of this Confidential Settlement Agreement and Release of All Claims; (2) have been given a fair

opportunity to discuss and negotiate the terms of this Agreement by and through their legal counsel;
(3) have been given a reasonable time within which to consider this Agreement before executing it;
(4) understand the provisions of this Agreement; (5) have received advice from an attorney regarding
this Agreement; (6) have determined that it is in his best interest to enter into this Agreement; (7)
have not been influenced to sign this Agreement by any statement or representation by Defendant
or its legal counsel not contained in this Agreement; and (8) enter into this Agreement knowingly
and voluntarily.

**Named Plaintiffs and Opt-In Plaintiff's Representatives:**

Dana a ace (Jul 27, 2020 16:28 EDT)
_____          Jul 27, 2020
**Dana Ace**                                      _____
                                                  **Date**

Stephen Hiser (Jul 16, 2020 16:14 EDT)
_____          Jul 16, 2020
**Stephen Hiser**                                 _____
                                                  **Date**

**Defendant:**

**NZone Guidance, LLC**

By:_____       8/3/2020
                                                   _____
_____, **President**   **Date**

MIDLAND\016061\000002\2638451.1

Scanned with CamScanner

**Class Counsel:**

**ATTORNEYS FOR PLAINTIFFS:**

      **JOSEPHSON DUNLAP, LLP**
      11 Greenway Plaza, Suite 3050
      Houston, Texas 77046
      713-352-1100    Telephone
      713-352-3300    Facsimile

_____     July 27, 2020
                                               _____
                                               **Date**

      **BRUCKNER BURCH PLLC**
      8 Greenway Plaza, Suite 1500
      Houston, Texas 77046
      713-877-8788    Telephone
      713-877-8065    Facsimile

_____     _____
**Richard J. (Rex) Burch**                   **Date**

EXHIBIT A

| Plaintiff Name | Settlement Allocation |
|---|---|
| Andrew Becilla | $ ████ |
| Andy Rendon | $ ████ |
| Cory Ward | $ ████ |
| Coty Kaizer | $ ████ |
| Dana Ace | $ ████ |
| David Thorp | $ ████ |
| Denny Lo | $ ████ |
| George Christmas | $ ████ |
| John Paul Barry | $ ████ |
| Jorge Betancourt | $ ████ |
| Lance Lucker | $ ████ |
| Larry Andrew Capps | $ ████ |
| Les Hamman | $ ████ |
| Matthew LaFreniere | $ ████ |
| Nathan Farmer | $ ████ |
| Oliver Calza | $ ████ |
| Richard Cabello | $ ████ |
| Robert Jason Thomas | $ ████ |
| Robert Santiago | $ ████ |
| Robert Scarbrough | $ ████ |
| Robert Wolfe | $ ████ |
| Ronny Golightly | $ ████ |
| Scott Cowan | $ ████ |
| Stephen Hiser | $ ████ |
| Timothy Walker | $ ████ |
| **Net Settlement Amount** | ████ |